# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| **U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust** | **CIVIL ACTION NO:** |
| **Plaintiff** | **COMPLAINT** |
| vs. | RE:<br>381 West Corinth Road, Corinth, ME 04427 |
| **Bradley Preble, as Heir to the Estate of Valerie A. Preble and Bryan Preble a/k/a Brian Preble, as Heir to the Estate of Valerie A. Preble** | Mortgage:<br>August 18, 2005<br>Book 10046, Page 250 |
| **Defendants** | |

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Bradley Preble, as Heir to the Estate of Valerie A. Preble and Bryan Preble a/k/a Brian Preble, as Heir to the Estate of Valerie A. Preble, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Loan Repayment and Security Agreement executed under seal currently owned and held by U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation

Trust, in which Valerie A. Preble and William A. Preble, are the obligors and the total amount owed under the terms of the Loan Repayment and Security Agreement is One Hundred Forty-Six Thousand Four Hundred Thirty-Two and 48/100 ($146,432.48) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust is a corporation with its principal place of business located at 425 Walnut Street, Cincinnati, OH 45205.

5. The Defendant, Bradley Preble, as Heir to the Estate of Valerie A. Preble, is a resident of Corinth, County of Penobscot and State of Maine.

6. The Defendant, Bryan Preble a/k/a Brian Preble, as Heir to the Estate of Valerie A. Preble, is a resident of Palm Coast, County of Flagler and State of Florida.

## FACTS

7. On May 30, 1978, by virtue of a Warranty Deed from Leland R. Davis, which is recorded in the Penobscot County Registry of Deeds in **Book 2885, Page 154**, the property situated at 381 West Corinth Road, County of Penobscot, and State of Maine, was conveyed to Valerie A. Preble and William A. Preble, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

8. On August 18, 2005, Valerie A. Preble and William A. Preble, executed and delivered to Beneficial Maine Inc. a certain Loan Repayment and Security Agreement in the amount of $138,314.93. *See* Exhibit B (a true and correct copy of the Loan Repayment and Security Agreement is attached hereto and incorporated herein).

9. To secure said Loan Repayment and Security Agreement, on August 18, 2005, Valerie A. Preble and William A. Preble executed a Mortgage Deed in favor of Beneficial Maine Inc., securing the property located at 381 West Corinth Road, Corinth, ME 04427 which Mortgage Deed is recorded in the Penobscot County Registry of Deeds in **Book 10046**, **Page 250**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

10. Pursuant to a Divorce Decree recorded in the Penobscot County Registry of Deeds in Book 11269, Page 243, William A. Preble purportedly conveyed his interest in the subject property to Valerie A. Preble.

11. Upon information and belief, Valerie A. Preble passed away on or about June 11, 2011.

12. An Agreed Order of Foreclosure and Sale (Penobscot Superior Court, Docket No. RE-2018-8) as to William A. Preble and Commodity Credit Corporation, a corporate agency of the United States, acting through the Penobscot County FSA Committee entered on the docket on November 15, 2018, and is recorded in the Penobscot County Registry of Deeds in Book 15107, Page 320.

13. The Mortgage was then assigned to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust by virtue of an Assignment of Mortgage dated December 8, 2016 and recorded in the Penobscot County Registry of Deeds in **Book 14377**, **Page 245**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. On July 29, 2019, the Defendants, Bradley Preble, as Heir to the Estate of Valerie A. Preble and Bryan Preble a/k/a Brian Preble, as Heir to the Estate of Valerie A. Preble, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit E (a true and correct copy of the Demand Letter is attached hereto and incorporated herein). Defendants, Bradley Preble, as Heir to the Estate of Valerie A. Preble and Bryan Preble a/k/a Brian Preble, as Heir to the Estate of Valerie A. Preble, are not personally liable and accordingly, this action does not seek any personal liability on the part of the Defendants, but only seeks *in rem* judgment against the property.

15. The Demand Letter informed the Defendants, Bradley Preble, as Heir to the Estate of Valerie A. Preble and Bryan Preble a/k/a Brian Preble, as Heir to the Estate of Valerie A. Preble, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit E.

16. The Defendants, Bradley Preble, as Heir to the Estate of Valerie A. Preble and Bryan Preble a/k/a Brian Preble, as Heir to the Estate of Valerie A. Preble, failed to cure the default prior to the expiration of the Demand Letter. Defendants, Bradley Preble, as Heir to the Estate of Valerie A. Preble and Bryan Preble a/k/a Brian Preble, as Heir to the Estate of Valerie A. Preble, are not personally liable and accordingly, this action does not seek any personal liability on the part of the Defendants, but only seeks *in rem* judgment against the property.

17. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the present holder of the Loan Repayment and Security Agreement pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the

Agreement in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

18. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the lawful holder and owner of the Loan Repayment and Security Agreement and Mortgage.

19. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 were strictly performed.

20. The total debt owed under the Loan Repayment and Security Agreement and Mortgage as of December 12, 2019 is One Hundred Forty-Six Thousand Four Hundred Thirty-Two and 48/100 ($146,432.48) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $105,903.00 |
| Interest | $13,182.81 |
| Escrow/Impound Required | $12,813.30 |
| Total Advances | $12,195.62 |
| Late Charges Due | $194.72 |
| Deferred Interest | $2,143.03 |
| Grand Total | $146,432.48 |

21. Upon information and belief, the Defendants, Bradley Preble, as Heir to the Estate of Valerie A. Preble and Bryan Preble a/k/a Brian Preble, as Heir to the Estate of Valerie A. Preble, are not presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

22. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 21 as if fully set forth herein.

23. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 381 West Corinth Road, Corinth, County of Penobscot, and State of Maine. *See* Exhibit A.

24. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the holder of the Loan Repayment and Security Agreement referenced in Paragraph 8 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Loan Repayment and Security Agreement in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).  As such, Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, has the right to foreclosure and sale upon the subject property.

25. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the current owner and investor of the aforesaid Mortgage and Loan Repayment and Security Agreement.

26. The Defendants, Bradley Preble, as Heir to the Estate of Valerie A. Preble and Bryan Preble a/k/a Brian Preble, as Heir to the Estate of Valerie A. Preble, are presently in default on said Mortgage and Loan Repayment and Security Agreement, having failed to make the monthly payment due July 23, 2017, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Loan Repayment and Security Agreement. Defendants, Bradley Preble, as Heir to the Estate of Valerie A. Preble and Bryan Preble a/k/a Brian Preble, as Heir to the Estate of Valerie A. Preble, are not personally liable and accordingly, this action does not seek any personal liability on the part of the Defendants, but only seeks *in rem* judgment against the property.

27. The total debt owed under the Loan Repayment and Security Agreement and Mortgage as of December 12, 2019 is One Hundred Forty-Six Thousand Four Hundred Thirty-Two and 48/100 ($146,432.48) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $105,903.00 |
| Interest | $13,182.81 |
| Escrow/Impound Required | $12,813.30 |
| Total Advances | $12,195.62 |
| Late Charges Due | $194.72 |
| Deferred Interest | $2,143.03 |
| Grand Total | $146,432.48 |

28. The record established through the Penobscot County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

29. By virtue of the Defendants' breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

30. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendants, Bradley Preble, as Heir to the Estate of Valerie A. Preble and Bryan Preble a/k/a Brian Preble, as Heir to the Estate of Valerie A. Preble, on July 29, 2019, evidenced by the Certificate of Mailing. *See* Exhibit E.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, upon the expiration of the period of redemption;

c) Find that the Defendants, Defendants, Bradley Preble, as Heir to the Estate of Valerie A. Preble and Bryan Preble a/k/a Brian Preble, as Heir to the Estate of Valerie A. Preble, Defendants, Bradley Preble, as Heir to the Estate of Valerie A. Preble and Bryan Preble a/k/a Brian Preble, as Heir to the Estate of Valerie A. Preble, are not personally liable and accordingly, this action does not seek any personal liability on the part of the Defendants, but only seeks *in rem* judgment against the property, are in breach of the Loan Repayment and Security Agreement by failing to make payment due as of July 23, 2017, and all subsequent payments;

d) Impose the applicable time periods for redemption, etc. as reflected in 14 M.R.S.A. §6322;

e) Find that while the Defendants, Bradley Preble, as Heir to the Estate of Valerie A. Preble and Bryan Preble a/k/a Brian Preble, as Heir to the Estate of Valerie A. Preble, have no personal liability in this matter, a Judgment of foreclosure and sale in this matter can be imposed *in rem* against the property commonly known as and numbered as 381 West Corinth Road, Corinth, ME 04427 and

f) For such other and further relief as this Honorable Court deems just and equitable.

Dated: December 9, 2019

Respectfully Submitted,
U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust,
By its attorneys,

/s/ John A. Doonan, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com