UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST,<br><br>    Plaintiff,<br><br>    v.<br><br>BRADLEY PREBLE, AS HEIR TO THE ESTATE OF VALERIE A. PREBLE AND BRYAN PREBLE A/K/A BRIAN PREBLE, AS HEIR TO THE ESTATE OF VALERIE A. PREBLE,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  1:19-cv-00557-JAW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

On December 9, 2019, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust (U.S. Bank) filed a foreclosure complaint against Bradley Preble, as Heir to the Estate of Valerie A. Preble, and Bryan Preble a/k/a Brian Preble, as Heir to the Estate of Valerie A. Preble. *Compl.* (ECF No. 1). On March 10, 2020, U.S. Bank filed proof of service showing that it served Amy Preble, who is designated by law to accept service of process on behalf of Bradley Preble, on January 8, 2020, *Proof of Service as to Bradley Preble* (ECF No. 6), and that it served Bryan Preble a/k/a Brian Preble (Bryan Preble) on December 17, 2019. *Aff. of Service as to Bryan Preble a/k/a Brian Preble* (ECF No. 7).

On May 11, 2020, U.S. Bank filed a motion for entry of default as to Bradley Preble and Bryan Preble, *Pl.'s Mot. for Entry of Default as to Defs.* (ECF No. 9), and

the Deputy Clerk of Court granted the motion. *Order Granting Mot. for Entry of Default* (ECF No. 10).

On June 11, 2020, U.S. Bank filed a motion to extend time forty-five days for filing a motion for default judgment. *Mot. to Extend Time for Filing of Pl.'s Mot. for Default J. as to Defs.* (ECF No. 11). The Court granted this extension request on June 13, 2020. *Order Granting Mot. to Extend Time* (ECF No. 12).

On July 27, 2020, U.S. Bank filed a motion for default judgment as to Bradley Preble and Bryan Preble. *Pl.'s Mot. for Default J. as to Defs.* (ECF No. 13) (*Pl.'s Mot.*).

In the context of foreclosures, once the Clerk of Court enters a default, the Court normally schedules a hearing to

> determine whether there has been a breach of condition in the plaintiff's mortgage, the amount due thereon, including reasonable attorney's fees and court costs, the order of priority and those amounts, if any, that may be due to other parties that may appear and whether any public utility easements held by a party in interest survive the proceedings.

14 M.R.S. § 6322. If the Court is satisfied that a breach exists, the Court issues a judgment of foreclosure and sale subject to the right of redemption and also sets forth the amount due and payable under the mortgage so that the mortgagor may effect the redemption. *Id.*

U.S. Bank includes in its motion for default judgment a request for a section 6322 hearing. *Pl.'s Mot.* at 3-4 ("Plaintiff respectfully requests that this Honorable Court . . . schedule a hearing on the assessment of damages to determine the order of priority and related matters"). However, because of the threat to public health and safety presented by public gatherings during the COVID-19 pandemic, in-court

hearings must now be limited to critical, time-sensitive matters. Accordingly, in order to protect public health and safety, and to reduce the size of public gatherings and unnecessary travel, it is ORDERED that U.S. Bank may proceed by submitting documentary evidence to establish its entitlement to default judgment. *See* 10A WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 2688 (2019) ("It is within the court's discretion to determine if a hearing is necessary or if sufficient information is available to determine damages without one"); 2 STEVEN S. GENSLER, LUMEN N. MULLIGAN, FEDERAL RULES OF CIVIL PROCEDURE, RULES AND COMMENTARY: RULE 55 (2020) ("When a hearing is needed, the court has discretion to determine the format of the hearing. A live evidentiary hearing is not always required").

If U.S. Bank desires to proceed with a default judgment on documentary evidence, it must satisfy the following requirements:

1. File, within thirty days of the date of this Order, a motion requesting that the Court proceed with default judgment of the foreclosure count on a paper record and include all affidavits and documentary evidence necessary to establish entitlement to default judgment.

2. Stipulate that if a foreclosure judgment is granted, it agrees to dismiss all claims for deficiency judgment.

3. Although there are no listed parties in interest, if U.S. Bank is or becomes aware of any such parties, establish the consent to proceed on the papers, and without a hearing, by all parties-in-interest who have not been defaulted.

If U.S. Bank believes an in-court hearing is necessary in this case, the Court ORDERS U.S. Bank to show cause within thirty days of the date of this Order why an in-person hearing is necessary.

The Court reviewed U.S. Bank's filings and attachments and discusses its standing and three concerns with the motion for default judgment the Court expects U.S. Bank to address regardless of how it chooses to proceed.

Under Maine law, to have standing to proceed with a foreclosure, U.S. Bank must have a legal interest in both a note and the mortgage securing payment of the note. *Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, ¶ 9, 96 A.3d 700, 705. The Court turns to the record to assess whether U.S. Bank has an interest, as required by Maine law, in both the mortgage and the note. On August 18, 2005, Valerie A. Preble and William A. Preble indorsed the original note to Beneficial Maine Inc., which is named as the lender. *Compl.*, Attach. 2, *Loan Repayment and Security Interest* at 1. In an allonge to the note, Beneficial Maine Inc., by Caliber Home Loans, Inc. as its attorney in fact, made the note payable without recourse to U.S. Bank. *Id.* at 4. This indorsement is sufficient to establish standing because the note is indorsed to U.S. Bank. *See* 11 M.R.S. § 3-1301. U.S. Bank has not, however, provided any evidence to support its claim that Caliber Home Loans, Inc. had authority to assign the mortgage on behalf of Beneficial Maine Inc. The Court expects U.S. Bank will provide evidence to demonstrate that Caliber Home Loans, Inc. was in fact authorized to act for Beneficial Maine Inc. in assigning the mortgage. *See U.S. Bank Trust, as Trustee*

4

*for LSF9 Master Participation Trust v. Bonnie J. Ray*, No. RE-16-0128, 2017 Me. Super. LEXIS 233 (Me. Super. Ct. Jul. 31, 2017).

Additionally, on August 18, 2005, the same date Valerie A. Preble and William A. Preble signed the promissory note, they executed a mortgage to Beneficial Maine Inc. *Compl.*, Attach. 3, *Mortgage* at 1-5. On December 8, 2016, Beneficial Maine Inc. executed an assignment of the mortgage to U.S. Bank. *Compl.*, Attach. 4, *Assignment of Mortgage*. The Court finds this is a valid assignment and thus U.S. Bank has standing to proceed with the foreclosure.

Turning to the concerns, first, the Court will give U.S. Bank an opportunity to explain how the amount due was calculated. S*ee M&T Bank v. Plaisted*, 2018 ME 121, 192 A.3d 601. U.S. Bank attaches a log of payment history to its motion for default judgment, but it is not immediately clear how the amount due was calculated. *See Pl's Mot.*, Attach. 2 (*Payment History*). The Court expects that U.S. Bank will, as it has stated, "produce a witness from the servicer of the subject loan to testify" as to the payment history log to comply with Federal Rule of Evidence 803(6). *Pl.'s Mot.*, Attach. 1, *Aff. of Matthew Kelly in Supp. of Pl.'s Mot. for Default J. as to Defs.* at 2. Additionally, although there are no listed parties in interest, if U.S. Bank is or becomes aware of such a party, the Court will give U.S. Bank an opportunity to address the order of priority and any amounts that may be due to other parties in interest. *See* 14 M.R.S.A. § 6322.

Second, the Court will expect U.S. Bank to explain the absence of itemized "reasonable interest" in the listed cure amount in the section 6111 notice. *See* 14

5

M.R.S.A. § 6111.  This Court addressed, but did not resolve, this issue in *Federal National Mortgage Association v. Wilson*, No. 2:18-cv-00366-JAW, 2019 WL 2314675 at *1 (D. Me. May 30, 2019).

Third, the Court will give U.S. Bank an opportunity to address the absence in this record of a copy of Complaint or a Clerk's Certificate of Foreclosure filed with the Registry of Deeds within sixty days of commencing foreclosure.  14 M.R.S. § 6321 ("[T]he mortgagee shall within 60 days of commencing the foreclosure also record a copy of the complaint or a clerk's certificate of the filing of the complaint in each registry of deeds in which the mortgage deed is or by law ought to be recorded").

Fourth, the Court will expect U.S. Bank to address the current residential status of the mortgaged property, specifically whether the property is occupied, legally vacant, or abandoned, and whether U.S. Bank may proceed with foreclosure in light of the July 30, 2020 Executive Order of Governor Janet Mills, Executive Order 5 FY 20/21 and in light of the June 17, 2020 Mortgagee Letter 2020-19 from the U.S. Department of Housing and Urban Development.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 18th day of August, 2020